IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY MICHAEL KRATZ,

                    Plaintiff,                                    OPINION AND ORDER

          v.

DOCTOR BURTON COX,                                               10-cv-630-wmc
and DOCTOR AMJAD SAFRI,

                    Defendants.

---

On January 10, 2011, the court allowed plaintiff Troy Michael Kratz to proceed on (1)
his federal law claim for alleged deliberate indifference to his medical needs against defendant
Burton Cox, M.D., and (2) his state law claims for medical malpractice against defendants Cox
and Amjad Safri, M.D. Defendant Cox has answered the complaint, though service has not yet
been completed on defendant Safri. Kratz now has moved to amend his complaint.

Once answered, Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading
only with the opposing party's written consent or the court's leave, but leave should be freely
given when justice so requires. Because Kratz is proceeding *in forma pauperis*, the court must
also determine whether Kratz's proposed amended complaint is (1) frivolous or malicious,
(2) fails to state a claim on which relief may be granted, or (3) seeks money damages from
a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In his amended complaint, Kratz seeks to add the following defendants: Ellen Ray,
Welcome Rose, Timothy Lindquist, Mary Miller and Peter Huibregtse. Huibregtse is the warden
at the Wisconsin Secure Program Facility in Waupun, Wisconsin. Miller is that institution's
head nurse. Ray is employed as an institution complaint examiner, while Rose and Lindquist
are corrections complaint examiners in Madison, Wisconsin. Kratz alleges that these defendants
were all negligent when they failed to investigate his complaints about a lack of medical care,

Copy of this document has been
provided to: _____
_____
this _____
by _____
M. Hardin, Secretary to

Warden Huibregste "grossly" so. More specifically, Kratz alleges that defendants Ray, Rose and Lindquist were negligent in failing to conduct a proper investigation of his inmate complaint concerning his medical care and that defendant Huibregtse was grossly negligent when he failed to perform his job by not ordering a proper investigation. To the extent that Kratz argues that Huibregtse was deliberately indifferent to his medical need, his claim must fail because Huibregtse cannot be held liable for an alleged constitutional violation based solely on his position as the warden at the Wisconsin Secure Program Facility. Instead, there must be evidence of his personal involvement. *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995). Kratz alleges only that Huibregtse failed to perform his job as warden but does not allege that he was personally involved in denying him medical treatment for a serious medical need of which he had knowledge. Kratz also claims that Ray's, Rose's and Lindquist's actions amounted to deliberate indifference, but an examiners' failure to investigate or remedy medical treatment complaints has been held not to amount to deliberate indifference. *Greeno v. Daley*, 414 F. 3d 645, 655-56 (7th Cir. 2005). He makes no specific allegations as to Miller.

The elements for a claim of negligence under Wisconsin law are 1) the existence of a duty of care on the part of the defendant; 2) a breach of that duty; 3) a causal connection between the conduct and the injury; and 4) an actual loss or damage as a result of the injury. *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 260, 580 N.W.2d 233 (1998) (*citing Rockweit v. Senecal*, 197 Wis. 2d 409, 418 (1995)). Kratz has not alleged that defendants had a duty of care to conduct an investigation of his inmate complaint in a certain way. Even had he alleged such a duty, defendants would be entitled to immunity under Wisconsin law, because public officials may not be sued for negligent acts "that involve the exercise of discretion and judgment." *Lodi v. Progressive Northern Insurance Co.*, 2002 WI 71, ¶ 21, 253 Wis. 2d 323, 646 N.W.2d 314 (2002). Obviously, discretion and judgment are required to

investigate an inmate complaint. Therefore, Kratz has not alleged a viable claim against these defendants and his motion to amend his complaint will be denied.

ORDER

IT IS ORDERED that plaintiff Troy Katz's motion to amend his complaint is DENIED. Entered this 7th day of June, 2011.

BY THE COURT:

WILLIAM M. CONLEY
District Judge